IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| COREY D. BLOCKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 3:04-0401 |
| | ) JUDGE TRAUGER/KNOWLES |
| | ) |
| MAPCO, INC., | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Court upon Defendant's "Renewal Motion for Reasonable Attorney's Fees" (Docket No. 38), which has been referred to the undersigned (Docket No. 40). It should be noted that Defendant previously filed a "Motion for Attorney's Fees" (Docket No. 29), which was termed by Judge Trauger upon the filing of the instant "Renewal Motion" (Docket No. 42).

Defendant claims attorney's fees, as the prevailing party in this action, pursuant to 42 U.S.C. § 2000e-5(k). Defendant prevailed in this action when Judge Trauger accepted (Docket No. 25) a Report and Recommendation submitted by the undersigned (Docket No. 23), which recommended that Plaintiff's claims be dismissed on statute of limitations grounds.

Plaintiff has not filed a Response to the instant Motion.

Defendant recognizes the appropriate standard for the award of attorney's fees to a prevailing Defendant in a Title VII case. Docket No. 38, p. 2. Simply stated, "a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a

finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even thought not brought in subjective bad faith." *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421 (1978).

Defendant also cites *Balmer v. HCA, Inc.*, 423 F.3d 606 (6th Cir. 2005) for the proposition that an employer may be awarded attorney's fees, in a Title VII case, "where the plaintiff's claim was frivolous, unreasonable or without foundation, or where the plaintiff continued to litigate after it became clear that her claim was frivolous, unreasonable or without foundation." [1]

The Sixth Circuit has previously decided a case that the undersigned deems to be controlling. In *Duncan v. Village of Middlefield*, 1994 U.S. App. LEXIS 15349 (6th Cir.), the Court upheld a ruling by the district court that plaintiff's action was not frivolous even though it was barred by the statute of limitations. The *Duncan* Court stated in pertinent part as follows:

> [M]erely "asserting a time-barred claim alone does not justify an award of attorney's fees." . . . The statute of limitations is an affirmative defense which the defendant must raise pursuant to *Federal Rule of Civil Procedure 8(c)*. . . . The plaintiff is not required to anticipate that a defendant would raise it . . . "No one knows for certain whether a potential affirmative defense will be in fact pled. The law books are repleat with decisions where counsel has failed to file an affirmative defense or failed to file it timely."
>
> . . .
>
> Thus, the district court did not err in concluding that the initiation of [plaintiffs'] action, the filing of the complaint, was not frivolous, even though the complaint was time-barred by the statute of limitations. . . . Further, even though [plaintiffs] ultimately did not prevail either in the district court or on appeal, they had some basis for arguing that [defendant's actions] tolled

---

[1] The *Christiansburg* Court also recognized that a plaintiff could be assessed his opponent's attorney's fees if the court found that the plaintiff continued to litigate after his complaint clearly became frivolous, unreasonable or groundless. 434 U.S. at 422.

the statute of limitations . . . .

*Id.*, at *15-16 (citations omitted).

Thus, the mere fact that Plaintiff in the instant case filed a Complaint asserting a claim that was barred by the statute of limitations does not give rise to an appropriate award of attorney's fees.

Defendant also argues that it became clear that Plaintiff's claim was unreasonable and without foundation when Plaintiff filed two separate "Appellate Motions" after the undersigned submitted his Report and Recommendation recommending that Plaintiff's claims be dismissed. But Plaintiff had the right to seek review of the undersigned's Report and Recommendation with the District Judge pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). Additionally, Plaintiff had the right to appeal the District Judge's decision to the Sixth Circuit pursuant to 28 U.S.C. § 1291.

Moreover, even after Defendant raised the statute of limitations defense, Plaintiff had an argument that the statute could be equitably tolled. Although Plaintiff did not specifically use the term "equitable tolling," he pled facts that could have given rise to such an argument.

Finally, even though the Sixth Circuit upheld Judge Trauger's decision dismissing Plaintiff's case, the Sixth Circuit did not determine that Plaintiff's appeal was frivolous, nor did the Sixth Circuit assess Plaintiff costs for pursuing a frivolous appeal, as it could have done under Fed. R. App. P. 38.[2] *See Blocker v. Mapco, Inc.,* No. 05-5441, United States Court of Appeals for the Sixth Circuit, filed December 5, 2005.

---

[2] The record before this Court does not show whether Defendant argued, before the Sixth Circuit, that the appeal was frivolous, or whether Defendant sought its costs before that Court on that ground.

3

Thus, the undersigned cannot conclude either that Plaintiff's claim "was frivolous, unreasonable or without foundation," or that "the Plaintiff continued to litigate after [his] claim clearly became frivolous, unreasonable or without foundation." 434 U.S. at 421-22.

For the foregoing reasons, the undersigned recommends that Defendant's "Renewal Motion for Reasonable Attorney's Fees" (Docket No. 38) be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

E. Clifton Knowles
United States Magistrate Judge

4